UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                            CRIMINAL NO. 3:08-CR-77-DPJ-LRA

MARK J. CALHOUN

ORDER

This closed criminal case is before the Court on Defendant Mark J. Calhoun's Motion

[471] seeking an adjustment to his sentence to account for time he spent on home detention

between his jury trial and surrender into federal custody.  While his submissions to the Court

appear to raise several different issues, in his reply, Calhoun clarifies that "[t]he 'ONLY' issue

before the Court is the question of prior custody credit."  Def.'s Reply [475] at 1.  For the

reasons that follow, Calhoun's motion is denied.

I.      Facts and Procedural History

On May 21, 2009, Calhoun was charged with 25 counts—including wire fraud and

money laundering—related to the procurement of mortgage loans from various lenders.  On May

27, 2009, the Court granted Calhoun an unsecured bond of $10,000.

Calhoun's trial began on February 22, 2010.  Three days later, on February 25, the Court

found that Calhoun inappropriately spoke with a juror.  It therefore modified the conditions of

release and placed Calhoun on home confinement with electronic monitoring.  Under the Court's

Order, Calhoun was "restricted to [his] residence at all times except for employment; education;

religions services; medical, substance abuse, or mental health treatment; attorney visits; court

appearances; court-ordered obligations; or other activities pre-approved by the pretrial services

office or supervising officer."  Order Setting Conditions of Release [219] ¶ 8(s)(ii).

On June 8, 2011, the Court sentenced Calhoun to serve 200 months, despite a guideline range of life imprisonment. The Court further ordered him to self-surrender at the designated institution by noon on August 1, 2011. Calhoun remained under the Court's home-detention order until he reported to begin serving his term of incarceration.

On March 25, 2019—less than 92 months into his 200-month sentence—Calhoun filed the present motion. He asks the Court to modify his imposed term of imprisonment under 18 U.S.C. § 3582(c) to give him credit for the time served on pre-incarceration home detention. Mot. [471]. He alternatively asks the Court to "appoint[] petitioner an attorney to assist in preparing a proper [§] 3582(c)[] Motion." *Id.* at 1. Calhoun also submitted a letter [473] in support, and the Court directed the Government to respond. The Government filed its response [474], and Calhoun filed a reply [475].

II.     Analysis

Calhoun says the Federal Bureau of Prisons ("BOP") denied his request to credit his approximately 17 months of home confinement "due to their interpretation of the language of the controlling statute." Mot. [471] at 2. That statute, 18 U.S.C. § 3585(b), states

> [a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed[—]that has not been credited against another sentence.

As the Government correctly observed, "the district court lacks the authority to award or deny credit" under this statute. *In re United States Bureau of Prisons, Dep't of Justice*, 918 F.3d 431, 439 (5th Cir. 2019). And the BOP was correct to conclude that Calhoun "was not statutorily eligible for credit for the time he spent in home confinement." *Paul v. Bragg*, 454 F. App'x 380, 381 (5th Cir. 2011).

So to obtain credit for that time, Calhoun asks the Court to modify his sentence, presumably from 200 months down to 183 months.[1]  The Court does have such authority under 18 U.S.C. § 3582(c), which provides:

> The court may not modify a term of imprisonment once it has been imposed except that[,]
>
> (1) in any case[,]
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal the failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that[:]
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>>
>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>>
>> and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and
>>
>> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the

---

[1] Calhoun says if the Court gives him credit "for the more than 18 months that he has served on home detention/confinement," "his new corrected sentence could possibly be around 180 months or so."  Mot. [471] at 2.  Calhoun was on home confinement from February 25, 2010 through August 1, 2011—or 17 months and 7 days.  The difference between 200 months and 17 months is 183 months.

defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Starting with subsection 2 and working backward, Calhoun does not contend that he was sentenced based on a sentencing range that has since been lowered, so that portion of the statute does not apply. Looking at subsection 1(B), Calhoun does not cite any other statute that might permit the Court to modify his sentence, and Federal Rule of Criminal Procedure 35 is inapplicable. *See* Fed. R. Crim. P. 35(a) (permitting court to correct sentence resulting from "arithmetical, technical, or other clear error" "[w]ithin 14 days after sentencing"); *id.* R. 35(b) (permitting reduction in sentence for substantial assistance where government so moves).

That leaves only subsection 1(A). Under that subsection, a defendant may move for a sentence reduction on his own behalf, but only if he "has fully exhausted all administrative rights to *appeal a failure of the Bureau of Prisons to bring a motion* on the defendant's behalf" or 30 days elapse "from the receipt *of such a request* by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

While Calhoun asserts he "requested that the BOP give him credit for his Court ordered house arrest," he never says he asked the BOP to file a motion on his behalf for modification under § 3582(c)(1)(A). Because Calhoun has not shown he exhausted as contemplated by the statute, relief under § 3582(c)(1)(A) is not warranted. *See United States v. Dorsey*, No. 11-110, 2019 WL 2058933, at *3 (E.D. La. May 9, 2019) (finding that "§ 3582(c)(1) does not entitle" defendant who did not "allege he has exhausted his administrative remedies . . . to relief").[2]

---

[2] And because the Court has fully considered Calhoun's request under § 3582(c) and concluded he is not entitled to any relief, his alternative motion for appointment of counsel to file a § 3582(c) motion is denied.

Two other points Calhoun makes merit brief discussion.  First, he points the Court to a recent Fifth Circuit decision reversing a district court's order of contempt against the BOP related to the BOP's calculation of custody credits.  *In re United States Bureau of Prisons, Dep't of Justice*, 918 F.3d 431.  Explaining that the district courts "lack[] the authority to award or deny credit," the Fifth Circuit noted that a district court dissatisfied with the BOP's calculation of a defendant's time credits "can reduce the defendant's sentence under § 5G1.3(b) or § 5K2.23 of the U.S. Sentencing Guidelines."  *Id.* at 439.  As the Government points out, both of those sections apply only where "a[n undischarged or completed] term of imprisonment resulted from another offense that [wa]s relevant conduct to the . . . offense of conviction."  U.S.S.G. § 5G1.3(b); *see also id.* § 5K2.23 (authorizing a downward departure if the defendant completed a term of imprisonment for a crime that was relevant conduct for the offense of conviction).  No such terms of imprisonment exist in this case.

Calhoun also mentions section 603 of the First Step Act, under which the Attorney General may release an eligible elderly offender to home detention "upon written request from either the Bureau of Prisons" or the inmate.  34 U.S.C. § 60541(g)(1)(B).  To qualify as an eligible elderly offender, an inmate must be 60 years of age or older and have "served 2/3 of the term of imprisonment to which [he] was sentenced."  *Id.* § 60541(g)(5).  While Calhoun has not yet served 2/3 of his sentence, he may become eligible to apply to the Attorney General for this opportunity in September 2022.

Finally, the Court commends Calhoun on the work he has apparently done while incarcerated.  By his own account, Calhoun has conducted himself admirably.  But that does not alter the statutory requirements addressed in this Order.

III.    Conclusion

The Court has considered all arguments.  Those not addressed would not have changed the outcome.  For the foregoing reasons, Defendant Mark J. Calhoun's Motion [471] is denied.

**SO ORDERED AND ADJUDGED** this the 20th day of May, 2019.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE