UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                    CRIMINAL NO. 3:08-CR-77-DPJ-LGI

MARK J. CALHOUN

ORDER

Defendant Mark J. Calhoun asks the Court to modify his sentence to a term of time served under 18 U.S.C. § 3582(c)(1)(A). Supp. Mot. [494]. For the following reasons, Calhoun's motion is granted.

I.      Facts and Procedural History

In February and March 2010, Calhoun went to trial on a 38-count second superseding indictment charging him with wire fraud, money laundering, and conspiracy related to the procurement of mortgage loans from various lenders. The jury convicted him of all but two of the charges levied against him, and on June 6, 2011, the Court sentenced Calhoun to a below-guideline 200-month total term of incarceration.[1] Calhoun appealed, and the Fifth Circuit affirmed.

On January 1, 2020, acting pro se, Calhoun filed his first motion invoking 18 U.S.C. § 3582(c)(1)(A). Mot. [481]. In that motion, Calhoun asked the Court to modify his sentence to give him credit for time served in home confinement between the date of his conviction and the date he reported to begin serving his term of incarceration. While that motion was pending, on April 22, 2020, the Government filed a Notice indicating that the Bureau of Prisons (BOP) had approved Calhoun's transfer to home confinement. Notice [484].

---

[1] The guideline range was life imprisonment.

On April 24, 2020, through counsel, Calhoun filed his second motion under § 3582(c)(1)(A). Mot. [485]. That motion asked the Court to grant "his immediate compassionate release and resentence[e him] in light of (1) the COVID-19 Pandemic, (2) his medical condition . . . , and (3) the recent classification by the Bureau of Prisons to release him in the near future." *Id.* at 1. The Government never responded to that motion but instead filed, on December 4, 2020, a Notice indicating that BOP had indeed released Calhoun to home confinement as of May 5, 2020. Notice [490].

On March 18, 2021, Calhoun, again through counsel, filed his Supplement to Motion for Compassionate Release [494]. On March 23, 2021, the Court held a status conference with the attorneys via Zoom and directed further briefing on the motion if the parties could not agree to resolve it without Court intervention. The Government responded in opposition to Calhoun's latest request, and Calhoun filed a reply incorporating all his previous arguments.

II.     Analysis

Compassionate-release motions arise under 18 U.S.C. § 3582(c)(1)(A)(i), which provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

At this point, there is no dispute that Calhoun exhausted as required by the statute. So the question on the merits is whether, "considering the factors set forth in [§] 3553(a),"

2

"extraordinary and compelling reasons warrant" a reduction in Calhoun's sentence, "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The most analogous policy statement is United States Sentencing Guideline § 1B1.13, which "essentially reiterates the requirements of § 3582(c)(1)(A), with the additional requirement that a defendant 'not be a danger to the safety of any other person or to the community.'" *United States v. Dunlap*, No. 1:02-CR-165, 2020 WL 2062311, at *1 (M.D.N.C. Apr. 29, 2020) (quoting U.S.S.G. § 1B1.13(2)).

Although cited in many compassionate-release cases, the Fifth Circuit held in *United States v. Shkambi*, that this guideline provision is not the "applicable policy statement[ ]" for compassionate-release motions filed by prisoners and that presently there is no applicable policy statement. 993 F.3d 388 (5th Cir. 2021). As such, "neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *Id.* at 393.

But holding that the policy statement is not "binding" does not mean it is irrelevant. And earlier panels from the Fifth Circuit held that "[a]lthough not dispositive, the commentary to the United States Sentencing Guidelines . . . § 1B1.13 informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing *United States v. Rivas*, No. 20-10360, 2020 WL 6437288, at *2 (5th Cir. Nov. 2, 2020)). Notably, several district courts have continued to

follow *Thompson* and *Rivas* after *Shkambi*. *See, e.g.*, *United States v. May*, No. 4:18-CR-199(2), 2021 WL 1572655, at *3 (E.D. Tex. Apr. 20, 2021).[2]

Although Calhoun is currently on home confinement, he is concerned that BOP may return him to full custody when the pandemic ends. He further argues that modification is appropriate now because Application Note 1(B) of § 1B1.13 is non-binding and he nearly satisfies it. That provision states that "extraordinary and compelling reasons [for a sentence modification] exist" where "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13 App. Note 1(B). Calhoun will turn 65 on November 27 of this year; he experienced a heart attack while incarcerated and suffers from hypertension, hyperlipidemia, type 2 diabetes mellitus, gout, and stage 2 hypertensive retinopathy; and, he will have served 10 years of his term of incarceration as of August 1, 2021.[3]

The Government concedes that return to prison is possible pending policy decisions from the Department of Justice. Gov't's Resp. [501] at 1–2. It also "acknowledges that in upcoming months the Defendant ultimately will satisfy the criteria set forth by the U.S. Sentencing Commission in U.S.S.G. §1B1.13." *Id.* at 4. Nevertheless, the Government argues that the Court should "stay further action on [his] motion until" Calhoun fully satisfies Application Note

---

[2] Under the rule of orderliness, "a later panel of this court cannot overrule an earlier panel decision." *United States v. Berry*, 951 F.3d 632, 636 (5th Cir. 2020) (quoting *Hill v. Carroll Cnty.*, 587 F.3d 230, 237 (5th Cir. 2009)).

[3] On February 26, 2010, the Court revoked Calhoun's bond and placed him on home detention with electronic monitoring until he reported on August 1, 2011. *See* Order [219]. Although these additional months of confinement would push Calhoun's time served well past Application Note 1(B)'s 10-year minimum, his time in home detention does not count. *See* Order [476].

1(B) "or until such time as the Attorney General issues guidance that instructs the BOP to take steps to remove Defendant Calhoun from home confinement and return him to secure custody in a BOP facility." *Id.* at 4–5.

The Government has a legitimate point, but as noted, § 1B1.13 is no longer binding and merely "informs [the Court's] analysis" of what constitutes extraordinary and compelling reasons for a sentence modification. *Thompson*, 984 F.3d at 433. Here, the Government effectively concedes that Calhoun will qualify for modification even under a strict reading of Application Note 1(B) in just over six months. There is likewise no dispute that Calhoun suffers several qualifying medical conditions under Application Note 1(B)(ii). These issues alone might not be enough to grant relief, but in this case the BOP released Calhoun to home confinement over a year ago and he has had no infractions. Plus, releasing him from home confinement to his term of supervised release will transfer his supervision from the halfway house an hour and a half away to a local probation officer who can offer Calhoun re-entry resources to ease his transition back into society.

These are unusual times and circumstances, and the Government has not pointed to any further penological goals that are served by requiring Calhoun to remain on home confinement for six additional months to satisfy the technical requirements of a non-binding policy statement. Calhoun has presented extraordinary and compelling reasons for a sentence modification.

As to the remaining requirement, the Government does not argue that a modification is inconsistent with the § 3553(a) factors, and the Court finds that it is not. The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—

>  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>  (B) to afford adequate deterrence to criminal conduct;
>
>  (C) to protect the public from further crimes of the defendant; and
>
>  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentences and the sentencing range established for—
>
>  (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[;]
>
>  . . . .
>
> (5) any pertinent policy statement . . . [;]
>
>  . . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

While the offenses of conviction were certainly serious—yielding a total offense level of 45 under the guidelines—Calhoun is a non-violent offender with minimal criminal history. The fact that BOP considered him a good candidate for transfer to home confinement indicates its assessment that he is not a danger to the community. Absent argument from the Government as to why the § 3553(a) factors require further home confinement in lieu of a transfer to supervised release at this point, the Court concludes a sentence modification is warranted.

III.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Calhoun's Supplement to Motion for Compassionate

Release [494] is granted.  Calhoun's previously imposed sentence of imprisonment of 200 months is reduced to time served.  Calhoun's counsel shall provide the complete address where Calhoun resides to the United States Probation Office for the Southern District of Mississippi within 48 hours of the entry of this Order.  Calhoun shall serve the previously ordered term of supervised release.  His earlier motions under § 3582(c)(1)(A) [481, 485] are considered moot.

**SO ORDERED AND ADJUDGED** this the 14th day of May, 2021.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE